UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 20th day of October, two thousand and four.

PRESENT:



    Hon. John M. Walker, Jr.,
        Chief Judge,
    Hon. Barrington D. Parker,
    Hon. Norman A, Mordue,*
        Circuit Judges.

------------------------------------X

FRANK PERRELLI,

    Plaintiff-Appellant,

       - v. -               DOCKET No.: 03-9070

WILLIAM TAYLOR,

    Defendant-Appellee.

------------------------------------X

APPEARING FOR APPELLANT:    NORMAN A. PATTIS, Williams & Pattis, LLC, New Haven, CT

APPEARING FOR APPELLEE:    MATTHEW B. BEIZER, Assistant Attorney General (Richard Blumenthal, Attorney General for the State of Connecticut, on the brief), Hartford, CT

---

    *The Honorable Norman A. Mordue, District Judge of the United States District Court for the Northern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Alan H. Nevas, <u>District Judge</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Frank Perrelli appeals from the June 26, 2003, judgment of the district court granting summary judgment to defendant-appellee State Trooper William Taylor and dismissing plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, for false arrest and unreasonable seizure in violation of his Fourth and Fourteenth Amendment rights.

We review the district court's grant of summary judgment <u>de novo</u>, construing the evidence in the light most favorable to the non-moving party. <u>World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.</u>, 345 F.3d 154, 165-66 (2d Cir. 2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

"The Fourth Amendment prohibits unreasonable seizures; it is not a general prohibition of all conduct that may be deemed unreasonable, unjustified or outrageous." <u>Medeiros v. O'Connell</u>, 150 F.3d 164, 167 (2d Cir. 1998). An official who violates a plaintiff's Fourth Amendment rights will be entitled to qualified immunity where "(1) the defendant's actions did not violate clearly established law, or (2) it was objectively reasonable for the defendant to believe that his actions did not violate such law." <u>Ford v. Moore</u>, 237 F.3d 156, 162 (2d Cir. 2001).

Viewing the evidence in the light most favorable to Perrelli, as we are required to, <u>see</u> <u>World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.</u>, 345 F.3d 154, 165-66 (2d Cir. 2003), we find that the district court correctly granted summary judgment to Taylor. A review of the record discloses that Perrelli did not offer evidence to substantiate his claims that Taylor subjected him to false arrest or an unreasonable seizure. Perrelli's conclusory allegations contained in his Rule 9(c) statement alone are insufficient to raise a triable issue of fact. <u>See</u> D. Ct. Local R. 9(c)3 (2001) ("Each statement of material fact in a Local Rule 9(c) Statement by a movant or opponent must be followed by a citation to

(1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."); see also Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001) ("[A] Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record."); Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000). Moreover, even if we assumed that Perrelli was arrested or seized, the record amply demonstrates that it was objectively reasonable for Taylor to have believed at the time of the alleged arrest and seizure that there was "reasonable cause to believe that [Perrelli] ha[d] psychiatric disabilities and [was] dangerous to himself . . . or others or gravely disabled," as required by Connecticut statute to authorize an officer to take a person into custody and to a general hospital for emergency examination. Conn. Gen. Stat. § 17a-503(a).

Having thoroughly considered all of appellant's arguments, we find no error in the district court's order. Accordingly, for substantially the reasons set forth in the district court's September 8, 2003, Ruling on Defendant's Motion for Summary Judgment, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*
Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature]*
DEPUTY CLERK